## People of the State of Illinois, Plaintiff-Appellee, v. Ray Collins, Defendant-Appellant.

### Gen. No. 53,247.

First District, First Division.

June 15, 1970.

Edward G. Thomson, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Joel M. Flaum and James B. Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Jimmie Lee Brown, a middle-aged man, employed as a security guard, was beaten and robbed on February 17, 1968, in the vicinity of 44th Street and Lake Park Avenue, Chicago. He reported that he had driven three men in his automobile, one of whom was the defendant, Ray Collins. They directed him to 4655 Lake Park Avenue, where he stopped. At this place, Brown claimed he was struck in the mouth and eye by the defendant, ordered to get out of his car and forced to walk through the alley.

On March 31, 1968, the defendant was arrested and charged with a felony, armed robbery, on the complaint of Brown who identified the defendant. The defendant resided about one-half block from the place of the alleged incident and had lived in that neighborhood for a number of years. His trial took place on May 2, 1968. Before commencement of the trial an additional charge of battery was filed against the defendant. The trial judge advised the defendant that he can ask for a continuance to retain private counsel and that if he was indigent the court would appoint the Public Defender to represent him. The defendant pleaded not guilty, waived trial by jury and answered that he was ready for trial. He was represented by the Public Defender. The State then nolle prossed the felony charge and the trial proceeded on the charge of battery on a misdemeanor.

He was found guilty and sentenced to serve six months in the House of Correction. The trial judge said:

"The Court will take in consideration that this matter was reduced from armed robbery to battery. The Court will also take in consideration that this man suffered a loss of a service pistol, $119, and he took a beating on top of it, all because he tried to be a kind man and give three boys a lift."

Five days after the trial and the finding of guilty, defendant appeared before the trial judge represented by another counsel who now represents him on appeal, and filed a written motion for a new trial. In it defendant asked that the judgment of conviction be set aside and a new trial ordered. Defendant alleged the following:

(1) The finding was contrary to law and the evidence;

(2) The State did not prove defendant guilty beyond a reasonable doubt;

331

(3) The trial court erred in refusing to permit evidence from the mother of the defendant that he was sick at home and not at the scene where the alleged crime took place;

(4) Defendant discovered additional evidence since the trial establishing his innocence. Supporting affidavits were attached;

(5) Defendant, being a poor person, was unable to investigate the case properly and as result thereof was denied the right to a fair trial; and

(6) The practice in the Public Defender's office of not appealing convictions for misdemeanors is unconstitutional in that it denies the defendant equal protection of the laws guaranteed by the Constitution of the United States.

Counsel for the defendant, while making his motion for a new trial advised the court that the defendant was unable to investigate the case in his own behalf; that present in court and willing to testify was Dr. Scott who treated the defendant on the morning of February 17, the day of the alleged battery; that defendant's mother and sister were present in court to testify that the defendant was home sick on February 17; that a local businessman and merchant, William Ramsey, who would testify that he did not see the defendant in the area where the crime was supposed to have taken place and that the complaining witness, Brown, didn't know who it was who struck him; that shortly after Collins was arrested, Ramsey told Brown that he had involved the wrong person; that Brown offered money to a certain person if this person would identify or give information with respect to the alleged incident on February 17; and that the attorney who represented defendant at the trial offered to testify that the defendant had never had a hair process as claimed in the trial.

We are mindful of the fact that unnecessary delays in the trial of criminal cases should be avoided. We are, however, concerned about a trial in which a defendant is handicapped because of lack of time to prepare a defense. In this case, the defendant was arrested on March 31, 1968, and was tried on May 2, 1968, which was the first time the case was called for trial. The defendant was originally charged with a felony—armed robbery. The record does not show that there was any convincing testimony that the defendant committed this felony. On the day of the trial, the State filed an additional charge of battery on a misdemeanor and then nolled the felony charge. Although the trial judge advised the defendant that he did not have to go to trial if he did not want to, but that if he answered ready, he is asking the court to hear the testimony and dispose of the matter. The defendant, without consulting his attorney, told the court he is ready for trial.

The complaining witness testified that Collins struck him in the mouth and eye. Two detectives testified that he denied this. Detective Williams testified: "The description given at the arrest on the case report was of a second male negro (Collins) a male negro 22 years old, five-four, a hundred thirty pounds, dark complexion, and he had process hair." The affidavit of Ray Collins subsequently included in the record on appeal, and dated June 11, 1968, stated that he was five feet, 6½ inches and approximately 175 lbs. in weight and never had a process. At the close of defendant's testimony, his attorney said: "I hate the idea of calling myself as a witness, Your Honor, but I can testify from my own personal knowledge that on earlier occasions this man has always had his hair in this style, short and close cropped, and not a process."

The defendant testified that he was at home sick on the day of the alleged battery of the complaining wit-

ness. Defendant named Dr. James Scott, who examined him. On May 7, 1968, when defendant's new attorney presented a petition for a new trial, Dr. Scott was present in the courtroom to testify that defendant had been at home ill on February 17, 1968. In addition to Dr. Scott, William Ramsey, a local businessman and merchant in the area near the place where this occurrence took place, was also in court on May 7th to testify that the incident of February 17th, if it took place on Saturday, it occurred in the evening, not afternoon, and that he did not see the defendant in the area. Ramsey was to testify that Brown, the complaining witness, shortly after the incident, talked with Ramsey and said he did not know who it was who committed the offense charged. In addition, Ramsey was to testify that Brown told Ramsey at that time that he agreed with Ramsey that he might very well have the wrong person involved.

Defendant stated at the end of his testimony and after the trial judge found him guilty: "I want to say this. On the day this happened, I have proof that he (Brown) was around the tavern drunk, laid up all day. He was drunk the whole day." The trial judge then said: "Sir, if you have proof, bring it in. Confer with the Public Defender and ask for a new trial if you can show me other proof." The defendant did present a proper petition for a new trial five days later, which the court denied.

It appears to us that the petition for a new trial should have been allowed. The judgment of the trial court is reversed and this cause remanded to the trial court for a new trial.

Judgment reversed and remanded.

BURMAN, P. J. and MURPHY, J., concur.